Judge Owsley
delivered the Opinion of the Court.
Kinsman brought a petition and summons against William Ward, Uriel Sebree, John Brant, Jacob Poster, Lewis Castleman, James Johnson, Richard M. Johnson and William S. Dallam, upon a, note for one hundred and five dollars and forty-four cents, which was signed by the name and style of Laois Castleman & Co.
The process was executed upon all the defendants except Ward, Sebree, Brant and Foster, as to whom the sheriff returned no inhabitants, and the action as to them, was thereupon abated.
Dallam pleaded non est factum, and the other defendants upon whom the process was served, failed to appear, and judgment was taken against them by default. Issue was joined to Dallam’s plea, and a triM thereof had by a jury, who, under instructions *383 by the court, found a verdict for Dallam, and judgment was thereupon rendered against Kinsman. To reverse that judgment this writ of error is ecuted.
Evidence on ^10 triaI-
Instructions,
Several questions are made, by the assignment of errors, two of which, however, as they seem to include every thing pertinent to the contest, will alone be noticed.
' Evidence was introduced by Kinsman, conducing to prove, that before the execution of the note upon which the action is founded, a partnership was entered into between all of the defendants and Benjamin Stout, who has since departed this life, with respect to a steam boat which they were about building, and that the note in question was signed by Lewis Castleman, one of the firm. It was also proved, that on another occasion, and to a different person, a note was executed by some of 'the firm, and signed by the name and style of Dallam & Co. and Lewis Castleman. The witness by whom these facts were proved, said he knew nothing about any partnership name being generally used, nor did he know that any partnership name had ever been agreed on between the partners. There was no evidence going to prove that Castleman, by whom the note was executed, was partner in any other firm than that which related to the steam boat.
After this evidence xvas through, the court instructed the jury:
First: That Kinsman could not maintain his ac tion unless all the original partners were sued.
Second: If there was a known style, or name, or description of the company of which said Dallam was a partner, respecting the building of the steam boat, and in the evidence alluded to, that the existence of such different name, style or description of such company, ivas evidence to the jury, from which they were at liberty to infer, if they pleased, that the note sued on, did not apply to the company, or include the same partners of which the defendant Dallam, was a member, and in the absence of satisfactory prQof, that this note was executed *384 for, and on behalf of the same company of which said Dallam was a partner, or that he was an actual partner when it was given, they ought to find for the defendants.
Nonjoinder of one of the obligors' in a promissory note, is ground for plea in ab.itemont,not in bar,
When a partner in a company of several persons has power to bind tliu firm by executing promissory notes, a variation in the style of the company will not be materia], the intention governs.
■ ' The first of these instructions is unquestionably erroneous. In an action upon a note, signed as the one m this case is, it is no doubt necessary that all of the partners who compose the firm and who are in being at the commencement of the suit, should be joined; hut it is equally clear, that the omission to sue one or more of the living partners, cannot he taken advantage of by such as are sued on the general issue; it is matter of abatement to the action only, and must be so pleaded. If Stout had therefore, been living at the commencement of the action, the court undoubtedly erred in deciding after the general issue was pleaded, without any plea in abatement, that the action could not be sustained; and if he was dead when the action was brought, there was not only no necessity, but it would have been highly improper to have united him in the suit.
The second instruction, if it has any pertinent hearing upon the evidence, must also he equally erroneous. The only evidence of the existence of any name, style or description of the company of which Dallam was proved to be a member, other than that contained in the note sued on, is, that of the note which was also proved to have been executed to another person by some one of the company, by the name and style of Dallam & Co. and Lewis Castleman, and by the instruction, the court must be understood to have intended to decide, that from the fact of that other note haying been executed under a different style, name or description of the firm, though hut the one partnership was proved to exist, the jury were at liberty to infer that the note sued on, did not apply to the company proved to be partners, and of whom Dallam is one. Thus understanding the instruction of the court, we have no hesitation in saying, that it cannot be sustained. To be binding on the parties constituting a firm, it is evidently not necessary that the note *385 should be executed in precisely the same form, or by precisely the same name or style that other notes designed to bind the same firm were. By the act of becoming partners, each partner derives authority to bind his copartners by contracts relating to the partnership concern, and "whenever such a contract is made, though not by the name, or by the style which may have been used by another partner, for a like purpose, the contract is binding upon all the partners constituting the firm. It is the intention with which a note is executed by any one of the firm, and not the style used for the firm, that creates its obligation upon the partners.
Evidence that another partner executed a note on the com- . panyby a different name, is not competent to prove the note sued on was not intended for the note of the same firm.
Dana, for plaintiff; Wickliffe, for defendant.
The intention must, it is true, be sought for by looking into the note itself; but when there is but one partnership firm, of which the person executing the note is a member proved, and the note, like the one sued on, bears upon its face, evidence of its having been intended to bind the company, of which, the person signing it is a member, the natural inference is, that it was designed to bind the partners of the firm, of which there was evidence, and that inference cannot, we apprehend, upon any rational construction, be repelled by the circumstance of another note having under a different style been executed by any other of the same firm. Though differently expressed, each note may be binding on the same firm, and the jury should not have been left at liberty, from the difference in the style of the two, to presume that the members of the firm designed to be bound by the note in question, do not compose the company intended by the maker of the other note. ,
The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inponsistent with thfc opinion.